IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL ASFIELD LASHLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-045 |
| | ) | |
| SCOTT D. JOHNSON, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at Sheriff Al Cannon Detention Center in Charleston, South Carolina,[2] brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

I.   **BACKGROUND**

Petitioner states he is a pretrial detainee who is being held by state authorities in South Carolina. (See doc. no. 1, p. 1.) According to publicly available records, Petitioner faces pending charges in Charleston, South Carolina. See State v. Lashley, Case Nos.

---

[1] Because the petition should be dismissed for the reasons discussed herein, the Court need not determine at this time who the proper Respondent should be.

[2] Because Petitioner challenges a detainer lodged by Columbia County, Georgia, which is located in the Augusta Division of the Southern District of Georgia, venue in this District is proper. See Kesling v. Florida, No. 1:20-CV-143, 2020 WL 13925955, at *1 (N.D. Fla. June 24, 2020) (finding "venue on a § 2241 habeas petition challenging a [Florida] detainer is proper in Florida" even though petitioner was physically confined in Idaho); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 498-99 n.15 (1973) ("Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum.").

2022A1010206670, 2022A1010206671, 2022A1010206672, 2022A1010206673, 2022A1010206674 (Charleston Cnty. Cir. Ct. Nov. 23, 2022), available at https://www.charlestoncounty.org/departments/clerk-of-court/circuit-court.php#go (select "Circuit Court Case Search"; select "Accept"; search Last Name: "Lashley," First Name: "Michael," Middle Name: "Asfield") (last visited Mar. 28, 2025), Ex A. attached; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

However, Petitioner does not challenge his pretrial detention based on the pending South Carolina charges. (See generally doc. no. 1.) Rather, he challenges a detainer lodged against him by authorities in Columbia County, Georgia, for financial fraud charges. (Id. at 2, 12, 19.) Publicly available records confirm Petitioner has an open case in Columbia County under case number 2018CR0290: State v. Lashley, Case No. 2018CR0290 (Columbia Cnty. Sup. Ct. Mar. 7, 2018), available at https://www.columbiaclerkofcourt.com (select "I Agree"; follow "Criminal Search" hyperlink; then search "Lashley, Michael Asfield") (last visited Mar. 28, 2025), Ex. B attached. Petitioner attached the corresponding Columbia County indictment to his petition, which shows he was indicted for identity fraud on March 7, 2018, for an offense allegedly committed on September 16, 2014. (Id. at 18-19.) Publicly available records reveal a "pending grand jury arrest warrant" was issued for Petitioner on March 7, 2018. See Ex. B.

Petitioner raises six constitutional grounds for relief, which all center around the Columbia County prosecutor's alleged refusal to dismiss the charges and lift the detainer pursuant to the Interstate Agreement on Detainers ("IAD"). (Doc. no. 1, pp. 6-7.)

2

Previously, while incarcerated in Pennsylvania, Petitioner filed a request pursuant to the IAD in an effort to resolve the Columbia County charge. (Id. at 12.) He alleges the prosecutor "sign[ed] off on it [and] agree[ed] that the prosecution would abide by the provisions." (Id. at 14.) However, despite this earlier request, Petitioner's Columbia County case remains pending. (Id. at 12.); see also Ex. B. Petitioner has written and called Columbia County dozens of times to dismiss the charge to no avail. (Doc. no. 1, p. 12.)

In an attached letter written to the Columbia County District Attorney, Bobby Christine, Petitioner states he is unable to post bond in his South Carolina criminal cases because of the Columbia County detainer, which he contends "is hindering [him] from processing through the system." (Id.) Publicly available records show bond has been set in all five of Petitioner's pending South Carolina cases. See Ex. A. It appears the crux of Petitioner's dispute is that if he posted bond, the Columbia County detainer would prevent him from being released into society, as he is subject to confinement in Columbia County on the pending charge.

For relief, Petitioner requests "all charges be dismissed with prejudice and all detainers be lifted indefinitely." (Doc. no. 1, p. 7.) Petitioner reports he has not filed any earlier challenges to the pending Columbia County charge because he has "not been found guilty or sentenced on the pending charge yet." (Id. at 2-5.)

## II. DISCUSSION

### A. Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised

3

might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v. Powell, No. 3:21cv1226, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by* 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Turner v. Morgan, No. 3:12cv188, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by* 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden, 410 U.S. at 493).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in the Georgia state courts. Petitioner may file a motion to dismiss the indictment based on an alleged violation of the IAD, codified at O.C.G.A. § 42-6-20, in his Columbia County proceedings. See O.C.G.A. § 42-6-20 (establishing framework for challenging out-of-state detainer in Georgia state court); see also Herbert v. State, 708 S.E.2d 260, 263 (Ga. 2011) (noting "Georgia is a signatory to the IAD" and describing criminal defendant who filed a motion to dismiss an indictment based on purported IAD violation).

Moreover, should the motion to dismiss be denied, Georgia law provides Petitioner may appeal that decision by seeking a certificate of immediate review and petition for interlocutory

appeal.  See Miller v. State, 350 S.E.2d 313, 314 (Ga. App. 1986) ("Because we conclude that this issue is one for which a certificate of immediate review and petition for interlocutory appeal were required, however, the appeal must be dismissed."); see also Capote v. State, 890 S.E.2d 75, 76 & n.1 (Ga. App. 2023) (noting criminal defendant's application for interlocutory review of denied motion to dismiss indictment for alleged IAD violation had been granted).

Considering the availability of above-described state remedies, Petitioner's efforts in calling and writing Columbia County officials are insufficient to satisfy exhaustion. Accordingly, the Court concludes Petitioner has not satisfied the exhaustion requirement. See Hill v. Holbrook, No. 3:22-CV-117, 2023 WL 11996886, at *1-2 (M.D. Ga. Mar. 23, 2023) (concluding petitioner's § 2241 challenge to Georgia detainer failed because petitioner had not exhausted state court remedies), adopted by 2023 WL 11996884 (M.D. Ga. May 30, 2023).

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA